ST. PAUL HARVESTER COMPANY *vs.* FRANK NICOLIN and another.

December 18, 1886.

Contract — Construction — Purchase or Agency.—A contract construed not to be one for the purchase by defendants of personal property, but as making them plaintiff's agents to sell such property.

Appeal by plaintiff from an order of the district court for Scott county, *Macdonald*, J., presiding, sustaining a demurrer to the complaint.

*E. Southworth* and *L. H. Hawkins*, for appellant.

*Peck & Brown*, for respondents.

GILFILLAN, C. J.   The complaint alleges the making, June 10, 1885, of a contract between the parties, by which, as it alleges, defendants purchased of plaintiff a harvester and binder at the price of $140, to be paid January 1, 1886, and refers to a copy of the contract attached to the complaint as part of it.   It alleges the delivery, before July 1, 1885, of the harvester and binder, and a demand for payment after January 1, 1886, and failure of defendants to pay.   The contract (some parts of which are not very clearly expressed) is very long,—too long to admit of our quoting any considerable portion of it.   There is nothing in it to indicate the relation between the parties of seller and purchaser.

The first clause appoints defendants plaintiff's agents for the sale of its harvesters and binders during the selling season of 1885, within

certain territory. By the second clause, plaintiff agrees to furnish defendants with circulars, blank orders and notes, and to furnish machines to fill orders if taken in' conformity with the agreement, and ship them to defendants, to be accounted for as therein provided; and the clause continues: "The party of the second part [these defendants] hereby order one Saint Paul harvester and Appleby cord-binder, (six and one-half foot cut;) — lbs. binding twine at — cents per pound, and freight,—which machines, and any more which he or they may hereafter order, he or they agree to receive; and, for the considerations within named, hereby guaranty the sale, in the territory named, in accordance with the condition of the written agreement; and further agree, as part of the terms of said guaranty, that, if any of said machines which shall have been shipped him or them on his or their order shall remain on hand unsold at the close of the season, he or they will, if required by the first party, pay for all machines unsold in notes approved by the first party, bearing the same interest, and payable at the same average time, as prescribed in the regular terms of sale in the within contract. And all machines ordered as above, or proceeds thereof, shall continue to be the property of the Saint Paul Harvester Company until settled and paid for." The fourth clause fixes the net price to be received for the machines by plaintiff at $140 cash. By the seventh clause defendants agree, among other things, "to hold all unsold machines, and parts of machines, free of charge, for a period not exceeding one year after the expiration of this contract, and subject to the order of the party of the first part, on the payment of any freight which may have been advanced on the same." The thirteenth clause reads: "The party of the second part agrees to accept the sale of all goods furnished under this contract in a fiduciary capacity, and not to appropriate or use any part of the net proceeds, but to remit to Saint Paul Harvester Company their part of all cash sales as fast as received."

There is nowhere in the contract any promise on the part of defendants to pay for the machine ordered in clause 2, except the promise in said clause to pay for machines on hand unsold at the close of the season, in the manner in that clause provided. It is clear that the order in that clause is not an order as purchasers, but as agents;

the machine to be held and sold on behalf of plaintiff, and accounted for the same as other machines to be shipped to defendants on their order.    The contract does not bear the interpretation put on it by the complaint.    It is not a contract of purchase, but of agency.    If the plaintiff has any claim against the defendants under the contract, it must, by proper averments, bring the case within its terms.

Order affirmed.